[—— NYS2d ——]

In the Matter of RICHARD GLOSENGER, Respondent-Appellant,
v CESAR PERALES, as Commissioner of New York State
Department of Social Services, Appellant-Respondent, et
al., Respondent.

Third Department, June 24, 1993

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Clifford A. Royael* and *Peter H. Schiff* of counsel), for appellant-respondent.

*Chemung Neighborhood Legal Services, Inc.,* Elmira *(Philip J. Barton* of counsel), for respondent-appellant.

*Kevin Mosher,* Elmira, for David Clovsky, respondent.

### OPINION OF THE COURT

WEISS, P. J.

In March 1991, petitioner was 60 years of age and totally disabled. He had a fixed monthly income consisting of Social Security Disability benefits of $711.90 and $51.90 from his employment pension, totaling $763.80. For medical assistance (Medicaid) purposes he was permitted to deduct a $32.90 monthly Medicare premium and a $20 set aside, leaving him a net monthly unearned income of $710.90. Petitioner's wife was 58 years old and had no income and did not receive Medicaid. They live alone in the City of Elmira, Chemung County. Prior to March 1991, petitioner received Medicaid benefits without his contribution to medical expenses. On April 22, 1991, the Chemung County Department of Social Services sent a "NOTICE OF INTENT TO DISCONTINUE/CHANGE MEDICAL ASSISTANCE" which informed petitioner that after May 31, 1991 he would not be eligible for the medical assis-

tance benefits until he has expended $210.90 himself each month on medical expenses, citing 18 NYCRR 360-4.6 (a) as authority for this change. Following an administrative fair hearing, respondent State Commissioner of Social Services (hereinafter the Commissioner) determined that pursuant to the amendment of Social Services Law § 366 (2) (a) (7) (see, L 1990, ch 938, § 38) and the promulgation of 18 NYCRR 360-4.2 (b), petitioner's household would properly be considered a household of one person for the purposes of determining Medicaid financial eligibility, and affirmed the action taken by the local office.

Petitioner then commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking a declaration that 18 NYCRR 360-4.2 (b) was invalid and for annulment of the Commissioner's determination. He argued that the regulation was violative of Social Services Law § 366 (2) (a) (7), a Federal regulation (42 CFR 435.811), and of his right to equal protection under the NY Constitution. Supreme Court found "the new test embodied in 18 NYCRR § 360-4.2 (b) for determining medically needy income standards to calculate a recipient's 'spenddown', violates federal medicaid law, and state law" and concluded that the regulation is inconsistent with Federal law because "families of identical size and income are treated differently, depending on who the income is attributed to". Supreme Court granted an order annulling the Commissioner's determination and held the State regulation invalid. Supreme Court rejected petitioner's equal protection argument and also denied his request for counsel fees under 42 USC § 1988. Petitioner and the Commissioner have cross-appealed.

By way of background, we note that the Medicaid program is a joint Federal and State medical assistance program for needy persons established by title XIX of the Social Security Act funded by both the Federal Government and the State (42 USC § 1396 et seq.; Social Services Law § 363 et seq.). Among the categories of those eligible are medically needy persons qualified by the Supplemental Security Income (hereinafter SSI) programs because of age, blindness or disabilities. These persons must spend down their excess income (see, 42 USC § 1396a [a] [17]) to be eligible for medical assistance. This assistance is not in the form of cash to a medically needy person, but rather as a vendor payment program by which eligible recipients receive a Medicaid card which functions much the same as a credit card. Those who provide medical

services are reimbursed by the program at established rates. The program is administered by the Federal Department of Health and Human Services pursuant to statute and regulations (42 CFR part 430 *et seq.).* Participating States establish a State Medicaid program in compliance with Federal Medicaid statutes and regulations.

Petitioner qualified for medical assistance because of his total disability under SSI standards and his employment record which qualified him for Social Security Disability benefits above the SSI allowance (42 USC § 1396a [a] [10] [C]; 42 CFR 435.300 *et seq.).* Social Services Law § 366 (2) (a) (7), effective January 1, 1991, was amended in relevant part as follows: "Annual net income—Number of family members in [a] *the medical assistance* household [and family members for whom they are legally responsible or have assumed responsibility], *as defined in regulations by the commissioner consistent with federal regulations under title XIX of the federal social security act."* (L 1990, ch 938, § 38 [bracketed material was deleted and italicized material was added].)

A new implementing regulation with respect to household size was promulgated as 18 NYCRR 360-4.2, effective June 1, 1991, which states in relevant part: "Size of MA household * * * (b) For adults who are aged, certified blind or certified disabled, an MA household is the aged, blind or disabled person and his or her spouse who lives with him or her if the spouse is: (1) also aged, certified blind or certified disabled, or (2) has remaining income after allocation which is equal to or greater than the difference between the medically needy income standard for one, and the medically needy income standard for two. For other aged, certified blind or certified disabled adults who live with their spouses, an MA household consists of one person for income purposes, but consists of two persons for resource purposes. For all other aged, certified disabled, or certified blind applicant(s)/recipient(s), an MA household consists of one person."

Because petitioner's spouse was not aged, blind or disabled, and had no income attributable to her, his household size was reduced from the previous two to one, and $210.90 of his monthly income was deemed solely available to him for medical expenses although the actual income, family size and needs had not changed.

The issues distill first to whether the State regulation (18 NYCRR 360-4.2) is consistent with the Federal Medicaid regu-

lations as required by Social Services Law § 366 (2) (a) (7). The Federal Medicaid regulation at 42 CFR 435.811 states, in pertinent part:

"Medically needy income standards: General requirements.

"To determine eligibility of medically needy individuals, a Medicaid agency must use an income standard under this subpart that is—

"(a) Based on family size [and]

"(b) Uniform for all individuals in a covered group".

■ We agree with Supreme Court that 18 NYCRR 360-4.2 (b) is inconsistent with 42 CFR 435.811 (a) and (b). The inconsistency occurs when the regulations disregard the Medicaid applicant's spouse in determining eligibility when the income of a nonaged, nondisabled spouse is less than the difference between the medically needy income standard for a one-person household and a two-person household. We find no merit in the Commissioner's artificial distinctions between "standards" and "methodology". The title of 18 NYCRR part 360 is "MEDICAL ASSISTANCE" and subpart 360-4 is entitled "FINANCIAL ELIGIBILITY". Social Services Law § 366 is the State medical assistance eligibility provision in which subdivision (2) relates directly to income eligibility standards. We find that 18 NYCRR 360-4.2 (b) is not based on family size nor is it uniform for all individuals in a covered group, and therefore is inconsistent with the Federal regulation which establishes the general requirements for Medicaid income eligibility standards (42 CFR 435.811). This inconsistency with the Federal regulation requires its invalidation as violative of Social Services Law § 366 (2) (a) (7). Supreme Court correctly found the regulation invalid. Having held 18 NYCRR 360-4.2 (b) violative of State statute, it becomes unnecessary to reach the challenges on State constitutional bases.

■ We do find, however, that notwithstanding the fact that petitioner has prevailed on his State claim, he was not successful on his Federal claim under 42 USC § 1983. Supreme Court specifically held that he did not have a 42 USC § 1983 cause of action. We agree. Accordingly, he cannot recover counsel fees under 42 USC § 1988.

MIKOLL, YESAWICH JR., CREW III and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.